**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Albert Bel FAY, Ford Hubbard, Jr., M.S. Lary, Jr., B.J. Garman, J.P. Hunnicutt, Barry Lotz, Jean W. Brown and Andrew W. Howard, Defendants.**

**Civ. A. No. H–91–1273.**

United States District Court, S.D. Texas, Houston Division.

Aug. 30, 1991.

J.D. Hamilton and Suzanne W. Ross, Houston, Tex., for plaintiff.

P.J. Murphey Harmon, Timothy McDaniel, Lansford Ireson, Jr., Marion Lary, Jr., John W. Berkel, Houston, Tex., for defendants.

**ORDER**

HOYT, District Judge.

Pending before the Court are the defendants', Albert Bel Fay and J.P. Hunnicutt, motions to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and defendant's, Jean W. Brown, motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative, motion for more definite statement. After considering the motions, the responses, the record on file, and the applicable law, it is the opinion of the Court that the defendants' motions to dismiss should be denied and defendant Brown's motion for more definite statement should be granted.

The defendants contend that 12 U.S.C. § 1821(k) limits their liability to actions es-

tablished in gross negligence or a higher degree of culpability.

When the terms of a statute are unambiguous, judicial inquiry is complete. *See Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). Title 12 U.S.C. § 1821(k) unambiguously states that a "director or officer may be held personally liable ... for gross negligence ... as such terms are defined and determined under applicable state law." The last sentence of § 1821(k) states, "Nothing in this paragraph shall impair or affect any right of the corporation under other applicable law." The clear meaning of this section allows the FDIC to pursue claims against a director or officer for gross negligence as well as claims other than for gross negligence.

Furthermore, to allow the expansive meaning which the defendants urge would pre-empt all other common law causes of action. "It is a well-established principle of statutory construction that 'the common law ... ought not to be deemed to be repealed, unless the language of a statute be clear and explicit for this purpose.'" *Norfolk Redev. and Housing Auth. v. Chesapeake & Potomac Telephone Co. of Virginia,* 464 U.S. 30, 35, 104 S.Ct. 304, 307, 78 L.Ed.2d 29 *quoting Fairfax's Devisee v. Hunter's Lessee,* 7 Cranch 603, 623, 3 L.Ed. 453 (1813). The plain language of 12 U.S.C. § 1821(k) is inconsistent with the defendants' contentions.

It is ORDERED that the defendants' motions to dismiss be DENIED, and

Further, it is ORDERED that the defendant Brown's motion for more definite statement is GRANTED.