**FEDERAL DEPOSIT INSURANCE CORPORATION, a corporation existing under the laws of the United States, as Receiver for the Bank of Winter Park, Plaintiff,**

v.

**Robert W. ISHAM, Eleanor J. Isham, Richard R. Mulligan, Lemont A. Hale, George C. Engel, Dan Leahy, William E. Jennings, Larry S. Chance, and Richard R. Ramler, Defendants.**

Civ. A. Nos. 90–B–1983, 90–B–2004.

United States District Court, D. Colorado.

Oct. 25, 1991.

Wiley Y. Daniel, David S. Fein, Popham, Haik, Schnobrich & Kaufman, LTD., P.C., Gary M. Jackson, Di Manna & Jackson, Denver, Colo., and Ervin L. Jones, Jr., Federal Deposit Ins. Corp., Professional Liability Sec., Washington, D.C., for plaintiff.

Richard L. Eason, Eason, Sprague & Wilson, P.C., Denver, Colo., for defendant George Engel.

Max A. Minnig, Jr., Carpenter & Klatskin, P.C., Denver, Colo., for defendant Larry Chance.

Joseph F. Colantuno, Morrato, Burrus & Colantuno, P.C., Englewood, Colo., for defendants R. Isham and E. Isham.

Patrick T. Murphy, Denver, Colo., for defendant Mulligan.

Jon F. Sands, Bostrom & Sands, P.C., Denver, Colo., for defendant, Richard Ramler.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendants Robert and Eleanor Isham (the Ishams) move for judgment on the pleadings, contending that plaintiff's action for negligence and breach of fiduciary duty is preempted by 12 U.S.C. § 1821(k) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA). The Ishams also contend that C.R.S. § 11-5-107 requires dismissal. Defendant George C. Engel (Engel) joins in that motion and also moves for summary judgment, arguing that the plaintiff lacks standing and that § 1821(k) precludes actions based upon any standard of care more stringent than gross negligence. Defendant Richard R. Mulligan (Mulligan) joins in Engel's summary judgment motions. Plaintiff Federal Deposit Insurance Corporation as Receiver for the Bank of Winter Park (FDIC-Receiver) moves under Fed.R.Civ.P. 17(a) for substitution of FDIC-Corporate as plaintiff in this action.

The issues were adequately briefed and oral argument will not materially assist their resolution. Because FDIC-Corporate is the real party in interest here, plaintiff's motion to substitute FDIC-Corporate for FDIC-Receiver is granted. Section 1821(k) of FIRREA does not preclude state law actions alleging simple negligence or breach of fiduciary duty against former directors and officers and, therefore, the Isham's motion for judgment on the pleadings and Engel's motion for summary judgment are denied. Further, since FDIC-Corporate is now the plaintiff here, C.R.S. § 11-5-107 is not applicable, and the motions for judgment on the pleadings and summary judgment based on this statute are denied.

This action arose out of the failure of the Bank of Winter Park (the Bank). On November 10, 1987, the Colorado State Bank Board found an emergency existed at the Bank and authorized the Colorado State

Bank Commissioner to take possession of the Bank. Under C.R.S. § 11–5–105, the Commissioner appointed FDIC receiver for the Bank. Upon acceptance of this receivership, FDIC took possession of and title to all assets of the Bank, including all claims for damages asserted in this action. On November 11, 1987, FDIC–Receiver sold and assigned the right to sue the Bank's former directors and officers to FDIC–Corporate.

FDIC–Receiver filed this action on November 7, 1990 against several former directors and officers of the Bank, alleging breach of fiduciary duties and negligence in numerous loan transactions. These motions followed. Because the Ishams' and Engel's motions for dismissal where filed after they answered the complaint, I will treat them as Fed.R.Civ.P. 12(c) motions for judgment on the pleadings.

## I.

■ The plain language of Fed.R.Civ.P. 17(a) states that an action shall not be dismissed for failure to prosecute in the name of the real party in interest until a reasonable time has been allowed after objection for substitution of the real party in interest. *Audio–Visual Marketing Corp. v. Omni Corp.*, 545 F.2d 715 (10th Cir. 1976). In a motion to substitute the real party in interest, I look to whether defendant had fair notice of the action and whether the substitution will alter the claim to the prejudice of defendant. *Garcia v. Hall*, 624 F.2d 150 (10th Cir.1980).

■ Defendants clearly had notice of FDIC's claims against them when the original complaint was served. The mere change of plaintiff from FDIC–Receiver to FDIC–Corporate does not change the nature of those claims, nor does it inject any new elements into this action. Thus, I conclude that defendants will not be prejudiced and grant plaintiff's motion for substitution.

Engel's motion for summary judgment based on plaintiff's lack of standing is based wholly on the argument that FDIC–Receiver cannot bring this action because it assigned all its rights to FDIC–Corporate.

My ruling on plaintiff's motion for substitution moots the standing issue. Accordingly, that motion is denied.

## II.

Section 1821(k) provides:

A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action by, on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation ... for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable state law. *Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law.*

(emphasis added). There is no dispute that this section preempts state law to the extent that state law would prohibit an action against a former director or officer based on gross negligence. Rather, the issue is the meaning of the savings clause. Defendants contend that the phrase "other applicable law" only refers to federal law and that the section imposes a national standard of gross negligence on all FDIC actions against directors. On the other hand, plaintiffs argue that the savings clause allows states to impose a higher duty of care on directors and officers, such as simple negligence. In effect, plaintiff argues that the section establishes a national minimum standard of director liability but that the states are free to impose increased liability. I agree with plaintiff.

Courts considering this question have split. *See, FDIC v. McSweeney*, 772 F.Supp. 1154 (S.D.Cal.1991); *FDIC v. Hubbard*, 779 F.Supp. 66 (S.D.Tex.1991); *FDIC v. Burrell*, 779 F.Supp. 998 (N.D.Iowa 1991); *FDIC v. Baker*, No. SA CV 89–386 AHS (C.D.Cal. June 24, 1991); *FDIC v. Haddad*, No. 90–07790–CIV–ATKINS (S.D.Fla. Nov. 28, 1990). *But see, Gaff v. FDIC*, 919 F.2d 384 (6th Cir.1990); *FDIC v.*

*Swager,* 773 F.Supp. 1244 (D.Minn.1991); *FDIC v. Canfield,* 763 F.Supp. 533 (D.Utah 1991).

Plaintiff initially argues that the savings clause is clear and should be enforced as to its plain meaning. Both plaintiff and defendants construe the clause plausibly. I conclude that the clause is ambiguous in its scope. Therefore, I look to the rules of statutory construction and congressional intent to determine its meaning.

█ When Congress enacts a statute that creates or recognizes rights, the general rule is that existing common law rights are not thereby replaced, absent a clear and unequivocal statement by Congress. *Norfolk Redevelopment and Housing Authority v. Chesapeake and Potomac Tel. Co.,* 464 U.S. 30, 35, 104 S.Ct. 304, 307, 78 L.Ed.2d 29 (1983), ("[T]he common law ... ought not be deemed repealed, unless the language of the statute be clear and explicit for this purpose"). Not only does § 1821(k) lack a clear and explicit clause repealing state common law, it contains the very antithesis of a repealer—a savings clause.

█ A statute also must be construed to effectuate its purposes as defined by Congress. *Dole v. United Steelworkers,* 494 U.S. 26, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990). Likewise, the circumstances surrounding the enactment of legislation are relevant to its construction. *Commissioner v. Engle,* 464 U.S. 206, 104 S.Ct. 597, 78 L.Ed.2d 420 (1984).

█ FIRREA was enacted in 1989 in response to this nation's banking crisis. Through FIRREA, Congress intended to address bank failures caused by officer and director misconduct. *See e.g.,* S.Rep. 101–19, 101st Cong. 1st Sess. 9 (1989). The stated purposes of FIRREA are, *inter alia,* to strengthen FDIC's enforcement powers and its ability to obtain civil awards against those who defrauded or damaged insured institutions. P.L. 101–73, § 101(5), (9) and (10). In this light it is unreasonable to conclude that Congress intended to limit the FDIC's power to obtain damage awards by preempting state common law remedies that impose a higher standard of care on directors and officers. Indeed, the explicit purpose of section 1821(k) is to *increase* the FDIC's power by preempting state laws that insulated directors or officers from damage actions.

Finally, FIRREA's legislative history supports plaintiff's reading of the savings clause. Section 1821(k) was originally proposed in the Senate's version of FIRREA. The Senate sponsors of the Act explained:

> In recent years, many states have enacted legislation that protects directors or officers of companies from damage suits. These "insulating" statutes provide for various amounts of immunity to directors and officers. For example, in Indiana, a director or officer is liable for damages only if his conduct constitutes "willful misconduct or recklessness."
>
> The reported bill totally preempted State law in this area with respect to suits brought by the FDIC against bank directors or officers. However, in light of the State law implications raised by this provision, the managers' amendment scales back the scope of this preemption. Under the managers' amendment, state law would be overruled only to the extent that it forbids the FDIC to bring suit based on "gross negligence" or an "intentional tort."

135 Cong.Rec. S4278–79 (April 19, 1989). A section 1821(k) analysis prepared by the bill's sponsors before the final Senate vote stated:

> This subsection does not prevent the FDIC from pursuing claims under State law or under other applicable Federal law, if such law permits the officers or directors of a financial institution to be sued (1) for violating a lower standard of care, such as simple negligence, or (2) on an alternative theory such as breach of contract or breach of fiduciary duty.

135 Cong.Rec. S6912 (June 19, 1989). The Act with § 1821(k) passed both houses on August 4, 1989 in a version substantially identical to the amended "scaled back" version passed by the Senate in June. Indeed,

the Conference Committee Report again states that the statute preempts state law only to the extent necessary to "allow ... FDIC to pursue claims for gross negligence...." H.Conf.Rep. 101–222, 101st Cong. 1st Sess. 398 (1989), U.S.Code Cong. & Admin.News 1989, pp. 86, 437.

Therefore, given the lack of a repealer clause, the purpose of the Act, and its legislative history, I hold that § 1821(k) preempts state law only to the extent that state law would prohibit a director liability action based on at least gross negligence. It does not preempt state law which imposes a higher standard of care, such as negligence, or recognizes a cause of action for breach of fiduciary duties.

Relying on *Gaff*, 919 F.2d at 387, ("The legislative history of this provision explicitly states an intent to nationalize the law of director's and officer's liability when banks are taken over by the FDIC"), defendants argue that Congress' intent was to impose national standards for FDIC actions against bank directors and officials. My holding recognizes a national standard. Notwithstanding any state law, directors and officers will be liable for at least gross negligence. This is the national minimum standard of care imposed by § 1821(k). However, states are free under FIRREA to impose a higher standard of care or to create other causes of action.

### III.

 C.R.S. § 11–5–107 provides:

Among its other powers, the federal deposit insurance corporation, in the performance of its powers and duties as such liquidator, has the right and power, upon the order of a court of record of competent jurisdiction, to enforce the individual liability of the directors of any such banking institution.

Defendants argue this statute requires a "preliminary hearing" or some kind of initial screening by "a court of competent jurisdiction" before the FDIC can even file a director liability action. Plaintiff contends that this requirement is preempted by federal statutes which grant jurisdiction to federal district courts to hear FDIC actions against former directors and officers of failed banks.

This statute has never been construed. However, I do not have to interpret its meaning to dispose of defendants' motions. By its own terms, the statute applies only to FDIC when it is acting as a liquidator or receiver. On its face, the statute is inapplicable because I granted plaintiff's motion to substitute FDIC–Corporate as the plaintiff.

Accordingly, IT IS ORDERED THAT:

(1) Plaintiff's motion to substitute FDIC–Corporate as plaintiff is GRANTED;

(2) The Isham's motion for judgment on the pleadings is DENIED;

(3) Engel's motion for judgment on the pleadings and motion for summary judgment on count 1 is DENIED;

(4) Engel's motion for summary judgment re: standing is DENIED;

(5) Engel's motion for summary judgment re: C.R.S. § 11–5–107 is DENIED;

(6) Mulligan's motion for summary judgment is DENIED.