**FEDERAL DEPOSIT INSURANCE COR-PORATION, as Manager of the FSLIC Resolution Fund, Plaintiff,**

v.

**Billy Bob WILLIAMS, et al., Defendants.**

**Civ. A. No. CA 3–91–1428–C.**

United States District Court, N.D. Texas, Dallas Division.

Nov. 27, 1991.

Tide's place of business.

John Anthony Scully, John M. Sjovall, Cowles & Thompson, Dallas, Tex., John C. Hammock, Federal Deposit Ins. Corp., Washington, D.C., for plaintiff.

John E. Hampton, Hercules & Hampton, Stephen Douglas Parker, Timothy Stuart Perkins, Smith & Underwood, Dallas, Tex., for defendants.

Charles Michael Moore, David P. Blanke, Locke Purnell Rain Harrell, Dallas, Tex., for Resolution Trust Corp., as conservator for Sunbelt Federal Savings FSB, movant.

### ORDER

CUMMINGS, District Judge.

This case is before the court for consideration of the motions to dismiss filed by each defendant. After considering the motions and the written argument of counsel, the court is of the opinion that the motions should be DENIED.

Defendants contend that FDIC's claims against them for negligence, breach of contract, and breach of fiduciary duty must be dismissed. They argue that all claims except the gross negligence action have been preempted by FIRREA. 12 U.S.C. § 1821(k). Although the court is aware that two district courts in three opinions have held that FIRREA does preempt these state law remedies [1], others have determined that the plain language of the statute does not preempt these causes of action. *FDIC v. McSweeney*, 772 F.Supp. 1154 (S.D.Cal.1991). This court is not persuaded that FIRREA preempts the state causes of action.

Next, defendants assert that the FDIC's allegations of gross negligence should be dismissed because of failure to comply with the requirements of Rule 9(b). Rule 9(b) applies specifically to fraud cases. Defendants have cited no cases applying the rule to any other type of case. Their argument has no merit.

Finally, defendants argue that FDIC's claims are barred by the applicable statute of limitations. The limitation period applicable to this case is provided in 12 U.S.C. § 1821(d)(14)(A)(ii)(I). Limitations began to run when the receiver was appointed. 12 U.S.C. § 1821(d)(14)(B)(i). These statutes do apply retroactively to this case. See *FDIC v. Gaubert*, Civ. No. 3–90–1196–D (N.D.Tex. July 16, 1991). FDIC's claims are not barred by limitations.

It is, accordingly, ordered that the motions to dismiss are DENIED.

---

**1.** *FDIC v. Canfield,* 763 F.Supp. 533 (D.Utah 1991); *FDIC v. Swager,* 773 F.Supp. 1244 (D.Minn.1991); *FDIC v. Brown,* No. 89–NC–0030–G (D.Utah Oct. 4, 1991).