**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION as Receiver of Sun Belt Federal Bank, F.S.B.**

v.

**Wendell P. SHELTON, et al.**

**Civ. A. No. 86–393–B.**

United States District Court,
M.D. Louisiana.

March 3, 1992.

John M. Wilson, Frederick W. Bradley, James D. McMichael, Cheryl V. Cunningham, Liskow & Lewis, New Orleans, La.,

21.  *Supra* at page 1356.

for FDIC, as Manager of the FSLIC Resolution Trust Fund, as Receiver for SBFB, F.S.B.

Frank J. Gremillion, Baton Rouge, La., Ronald B. Ravikoff, Zuckerman, Spaeder, Taylor & Evans, Miami, Fla., for Wendell P. Shelton.

Sam J. D'Amico, D'Amico & Curet, Baton Rouge, La., for A. Larry Tullos.

Scott H. Crawford, James R. Lewis, Preis & Crawford, Baton Rouge, La., for Robert N. Amacker, Jr., Robert B. Holt, Jr., Harold Dennis, Reynold Minsky, and Bruce Betts.

William A. Hargiss, Monroe, La., for Glenn D. Tanner.

William V. Dalferes, McGlinchey, Stafford, Cellini & Lang, New Orleans, La., for Flournoy Guenard.

Jon C. Adcock, Brook, Morial, Cassibry & Pizza, Baton Rouge, La., Fred J. Cassibry, Jan T. van Loon, Brook, Morial, Cassibry & Pizza, New Orleans, La., for Harry O. Adcock.

Marianne S. Pensa, Galloway, Johnson, Tompkins & Burr, New Orleans, La., Murray H. Wright, Edward E. Nicholas, III, Laura G. Fox, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, Va., for Continental Cas. Co. and American Cas. Co. of Reading, Pa.

Charles A. Schutte, Jr., Matthews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for Frederick Duplantis.

## RULING ON JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING STANDARD OF CARE

POLOZOLA, District Judge.

This case requires the Court to determine the standard of care required of officers and directors in managing and operating a federally insured financial institution under the Financial Institutions Reform,

Recovery, and Enforcement Act of 1989 (FIRREA).[1]

The Federal Savings and Loan Insurance Corporation (FSLIC) originally brought this suit against former directors and officers of the failed Sun Belt Federal Bank, F.S.B. (Sun Belt) seeking damages for imprudent loans, waste of the bank's assets and general mismanagement. Thereafter, the Federal Deposit Insurance Corporation (FDIC) replaced FSLIC as party plaintiff in this case. The complaint filed against the directors and officers accuses them of negligence, gross negligence, negligent breach of fiduciary duty and grossly negligent breach of fiduciary duty.[2]

■ This matter is now before the Court on a joint motion for partial summary judgment. Continental Casualty Company, American Casualty Company of Reading, Pennsylvania and various individual directors and officers named as defendants in the action ("Continental") seek dismissal of all claims for negligence and negligent breach of fiduciary duty. Defendants contend these state claims are preempted by federal law. Alternatively, defendants contend no such claims arise under Louisiana law.

■ To properly rule on defendants' motion for partial summary judgment, the Court must examine the statutory language set forth in FIRREA. It is clear that the starting point for interpreting the meaning of a statute is the statute itself. Absent a clearly expressed legislative intention to the contrary, the language set forth in the statute must be ordinarily construed as conclusive evidence of Congressional intent.[3]

In 12 U.S.C. § 1821(k), the Congress defined the legal standard under which courts may impose liability on directors and officers of federally insured depository institutions. In this regard, § 1821(k) provides:

A director or officer of an insured depository institution may be held personal-

---

1. Pub.L. No. 101–73, 103 Stat. 183 (Title II codified at 12 U.S.C. §§ 1811–1831k).

2. FDIC's Third Amended Complaint, Paragraphs 14 and 15.

3. *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 833–34, 110 S.Ct. 1570, 1575, 108 L.Ed.2d 842 (1990).

ly liable for monetary damages in any civil action by, on behalf of, or at the request or direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation—

(1) acting as conservator or receiver of such institution,

(2) acting based upon a suit, claim, or cause of action purchased from, assigned by, or otherwise conveyed by such receiver or conservator, or

(3) acting based upon a suit, claim, or cause of action purchased from, assigned by, or otherwise conveyed in whole or in part by an insured depository institution or its affiliate in connection with assistance provided under section 1823 of this title,

for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious conduct, as such terms are defined and determined under applicable state law. Nothing in this paragraph shall impair any right of the Corporation under other applicable law.

Continental contends that 12 U.S.C. § 1821(k) totally preempts state law whenever state law permits a cause of action based upon conduct less blameworthy than gross negligence because Congress promulgated a uniform national standard of gross negligence for recovery against directors and officers by the FDIC in enacting FIR-REA. Thus, Continental argues that the "inescapable import" of the above statutory language is that directors may not be held liable for conduct, such as simple negligence, which is less culpable than gross negligence.

In opposing the defendants' motion, the FDIC argues that Congress enacted 12 U.S.C. § 1821(k) to preempt state statutes which insulate bank officers and directors. Such state statutes prevent the FDIC from suing bank directors and officers under any theory of liability or limit director/officer liability to claims for intentional torts. Hence, the FDIC contends that while § 1821(k) provides the FDIC with a clearly defined arsenal of claims to assert against bank officers and directors, the FDIC's statutory protection from hostile state laws does not prevent the FDIC from asserting other claims under federal and state laws.

Under Article I of the United States Constitution and the Supremacy Clause embodied in Article VI, Congress has the power to legislatively preempt state law in all or part of a particular field. It is a well established principle that the Supremacy Clause invalidates state laws that "interfere with, or are contrary to," federal law.[4] "Preemption may be express or implied."[5] The essence of the Court's inquiry concerning "[a] pre-emption question requires an examination of congressional intent."[6] "Where ... the field which Congress is said to have pre-empted has been traditionally occupied by the States ... 'we start with the assumption that the historic police power of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.' "[7]

Preemption is compelled when "Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose."[8] In "the absence of express preemptive language, the court may infer congressional intent to preempt state law only 'where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress "left no room" for supple-

---

4. *Moore v. Kimberly–Clark Corp.*, 867 F.2d 243, 244 (5th Cir.1989).

5. *Id.*

6. *Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 299, 108 S.Ct. 1145, 1150, 99 L.Ed.2d 316 (1988); *Fidelity Federal Savings & Loan Ass'n v. De la Cuesta*, 458 U.S. 141, 152, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982); *Cefalu v. B.F.*

*Goodrich Co.*, 871 F.2d 1290, 1293 (5th Cir. 1989).

7. *Moore*, 867 F.2d at 244. (citations omitted)

8. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95–96, 103 S.Ct. 2890, 2898–2900, 77 L.Ed.2d 490 (1983); *Pennington v. Vistron Corp.*, 876 F.2d 414, 417 (5th Cir.1989).

mentary state regulation.' " [9] Even when the federal law is not intended to occupy the entire field, the state law will be preempted if it in fact conflicts with the federal law,[10] or "when the state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objects of Congress.' " [11]

Applying the above principles, the Court finds that 12 U.S.C. § 1821(k) contains no language which indicates that Congress sought to displace available state remedies with the enactment of FIRREA. Section 1821(k) provides that "[a] director or officer ... *may* be held personally liable for gross negligence or intentional torts".[12] Continental seeks to have the Court read the word "only" into § 1821(k). This Court is neither permitted nor prepared to judicially amend a statute passed by the Congress. If Congress had wished § 1821(k) to preempt state law claims, Congress would have modified the word "may" with the limiting term "only". It is a well established canon of statutory construction that the word "may" is not synonymous with "may only" and this Court cannot and will not read words into a statute when the statute is clear on its face.[13] As this Court has stated:

The Court's function is to interpret the law and not to amend or supplement a law enacted by the Congress. For this Court "[t]o supply omissions transcends the judicial function." [14]

In addition to its non-exclusive language, 12 U.S.C. § 1821(k) also contains a savings clause which provides that "[n]othing in this paragraph shall impair or affect any right of the Corporation under other applicable law." [15] The language in the statute—"any right" and "other applicable law"—reserves other remedies to the FDIC beyond those granted to the FDIC by the statute. Ordinarily, causes of action arising under state law are not preempted solely because they impose liability over and above that which is authorized by federal law.[16] If other state or federal laws or jurisprudence grant the FDIC the right to assert a claim against directors and officers of federal insured financial institutions, § 1821(k) preserves those claims. When Congress enacts a statute which creates certain rights, the general rule is that the existing common law rights are not replaced, unless Congress provides a clear and unequivocal statement to the contrary.[17]

Continental argues, however, that Congress has adopted a uniform standard for

**9.** *Moore,* 867 F.2d at 244. (citations omitted)

**10.** *Florida Lime and Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963); *Pennington,* 876 F.2d at 417.

**11.** *Pennington,* 876 F.2d at 417 (quoting *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)): "[w]hile the path of analysis is clear, we must nevertheless tread cautiously. Preemption should not be inferred from every Congressional enactment that overlaps state regulation.... [W]e are concerned only with an actual conflict between federal and state law...."

**12.** Emphasis added.

**13.** See *Rose v. Rose,* 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987); *FDIC v. Canfield,* 957 F.2d 786, 787–88 (10th Cir.1992).

**14.** *Port Allen Marine Service, Inc. v. Chotin,* 765 F.Supp. 887, 890 (M.D.La.1991) (citing *West Virginia University Hospitals, Inc. v. Casey,* — U.S. ——, 111 S.Ct. 1138, 1148, 113 L.Ed.2d 68

(1991)) (quoting *Iselin v. United States,* 270 U.S. 245, 250–51, 46 S.Ct. 248, 250, 70 L.Ed. 566 (1926)).

**15.** The fact that Congress expressly saved the FDIC's rights under "other applicable law" is a clear indication that Congress preserved all remedies that FDIC might possess in its capacity as receiver of failed financial institutions. FIRREA only forecloses states from enacting insulating statutes which prohibit the FDIC from asserting claims which arise from the failure of a banking institution against its officers and directors.

**16.** *California v. A.R.C. America Corp.,* 490 U.S. 93, 109 S.Ct. 1661, 1667, 104 L.Ed.2d 86 (1989); *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 257–258, 104 S.Ct. 615, 626–627, 78 L.Ed.2d 443 (1984).

**17.** See *Norfolk Redevelopment and Housing Authority v. Chesapeake and Potomac Telephone Co. of Virginia,* 464 U.S. 30, 35, 104 S.Ct. 304, 307, 78 L.Ed.2d 29 (1983), ("[t]he common law ... ought not be deemed repealed, unless the language of a statute be clear and explicit for this purpose.")

imposing director and officer liability thereby prohibiting states from regulating such conduct. Continental contends that 12 U.S.C. § 1821(k) establishes "a uniform standard of gross negligence for recovery against directors and officers."[18] The Court rejects this contention. If the Court accepts the notion that 12 U.S.C. § 1821(k) represents the exclusive standard of care, a double standard would be created which would interfere with the Congressional intent in enacting the statute while at the same time provide for a ludicrous result. Continental's contention would permit officers and directors to be judged by a simple negligence standard if their institutions remained open, but would subject them to a gross negligence standard with respect to the same pre-failure conduct if the institution failed. What incentive would a director or officer have to keep a struggling institution open if their exposure is gross negligence when the bank closes, but only simple negligence if the bank remains open?[19]

The final step in the preemption analysis requires the Court to determine the existence of any "actual conflict between federal and state law."[20] It is difficult to imagine a more harmonious situation whereby state law can aid in the achievement of Congressional purpose than to supplement 12 U.S.C. § 1821(k) with state law which gives the FDIC the right to proceed against those persons who have caused the nation's banks to fail. As noted earlier, the Court believes the statutory language of § 1821(k) is clear and there is no need to review the legislative history to determine its meaning. However, the Court's review of the legislative history of § 1821(k) reveals that the statute was enacted to maximize the federal government's ability to recover from individuals who have caused banks to fail or lose substantial sums of money.[21]

■ Continental's interpretation of § 1821(k) would result in conflict between the federal statute and state law because the FDIC would fall victim to discriminatory treatment that the statute seeks to avoid. When analyzing the effect of 12 U.S.C. § 1821(k), the Court must construe § 1821(k) with 12 U.S.C. § 1821(d)(2)(A)(i) which provides that the FDIC succeeds by operation of law to:

> all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder, member, account holder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution.

Thus, 12 U.S.C. § 1821(d)(2)(A)(i) legally subrogates the FDIC to claims that shareholders and depositors have against bank officers and directors under state law. Continental's reading of § 1821(k) amends § 1821(d)(2)(A)(i) by replacing the phrase *"all* rights, titles, powers, and privileges" with the phrase *"some* rights, titles, pow-

---

**18.** See Memorandum In Support of Joint Motion for Summary Judgment regarding Standard of Care, p. 3.

**19.** *FDIC v. Canfield,* 957 F.2d 786, 791 (10th Cir.1992).

**20.** *California v. A.R.C. America Corp.,* 490 U.S. 93, 100, 109 S.Ct. 1661, 1665, 104 L.Ed.2d 86 (1989).

**21.** Senator Riegle, one of the bill's floor managers, succinctly explained both the development and need for § 1821(k)'s enactment on the Senate floor as follows:

> "Under the manager's amendment, state law would be overruled only to the extent that it forbids the FDIC to bring suit based on 'gross negligence' or an 'intentional tort.' In determining whether or not conduct constitutes 'gross negligence' or an 'intentional tort,' applicable State law is to govern. This amendment would thus allow the FDIC to sue a director or officer guilty of gross negligence or willful misconduct, even if State law did not allow it. Unlike other corporations, when a bank officer or director is guilty of gross negligence, it will often be the Federal taxpayer who is harmed. It would therefore appear to be justifiable to authorize the FDIC to seek to collect some of those funds from the guilty parties."

135 Congressional Record §§ 4278–79 (April 19, 1989).

Generally, the Congressional sponsor's interpretation of legislation serves as the "authoritative guide to the statute's construction." *Rice v. Rehner,* 463 U.S. 713, 728–29, 103 S.Ct. 3291, 3300, 77 L.Ed.2d 961 (1983); *North Haven Bd. of Educ. v. Bell,* 456 U.S. 512, 526–27, 102 S.Ct. 1912, 1920, 72 L.Ed.2d 299 (1982).

ers, and privileges as guaranteed in § 1821(k)." Therefore, when the Court determines the meaning of these two provisions, § 1821(d)(2)(A)(i) must be read to provide the general rule setting forth what rights the FDIC obtains under state law while § 1821(k) provides special rights to the FDIC when state law fails to do so. Thus, state law is only preempted where it fails to provide the FDIC with legal claims against bank directors and officers for acts and omissions rising to the culpability of gross negligence.

The Court recognizes that the courts which have interpreted 12 U.S.C. § 1821(k) have rendered conflicting decisions. Without any decision from the Fifth Circuit on this issue, the Court believes that its holding is in accord with the persuasive majority of the courts, including the Tenth Circuit Court of Appeals,[22] which have considered whether § 1821(k) preempts applicable state law.[23] While the Court recognizes that two federal district courts[24] have found that § 1821(k) preempts state simple negligence claims, the Court disagrees with the reading these courts give the statute. As discussed above, such a reading of § 1821(k) is inconsistent with the language employed in the statute and results in a judicial revision of both § 1821(k) and § 1821(d)(2)(A)(i). This Court declines the invitation to rewrite the statutes.

Finding that § 1821(k) does not preempt the FDIC's state law claims, the Court must now determine the standard of care imposed on directors and officers under Louisiana law. The Louisiana business corporation law and the Louisiana state banking law both require that officers and directors perform their duties "with that diligence, care and judgment and skill which ordinarily prudent men would exercise under similar circumstances in like positions."[25] The Fifth Circuit has held that the gross negligence standard is to be applied when judging the acts of corporate officers and directors.[26] This interpretation is consistent with general corporate law which imposes liability on bank directors and officers for any "wilful breach of trust or misapplication of the corporate funds, or for any gross neglect of or inattention to the official duties" of the directorship or office.[27]

The FDIC maintains that it has the right to proceed against the officers and directors on a simple negligence claim. The FDIC argues that the "gross negligence" standard should be equated with the "simple negligence" standard articulated in federal common law.[28] In *Briggs v. Spaulding*,[29] the Supreme Court stated the applicable degree of care to be applied in simple negligence under federal common law to be:

"[T]hat [degree of care] which ordinarily prudent men would exercise under sim-

**22.** *FDIC v. Canfield*, 957 F.2d 786 (10th Cir. 1992).

**23.** *FDIC v. Williams*, 779 F.Supp. 63 (N.D.Tex. 1991); *FDIC v. Miller, et al.*, 781 F.Supp. 1271 (N.D.Ill.1991); *FDIC v. Gus S. Mijalis, et al.*, No. 89–1316 (W.D.La. Nov. 1, 1991); *FDIC v. Isham, et al.*, 777 F.Supp. 828 (D.Colo.1991); *FDIC v. Black, et al.*, 777 F.Supp. 919 (W.D.Okla.1991); *FDIC v. McSweeney*, 772 F.Supp. 1154 (S.D.Cal. 1991); *FDIC v. Fay*, 779 F.Supp. 66 (S.D.Tex. 1991); *FDIC v. Burrell*, 779 F.Supp. 998 (S.D.Iowa 1991).

**24.** *FDIC v. Brown*, No. NC 89–30G, 1991 WL 294524 (D.Utah Nov. 18, 1991); *FDIC v. Swager*, 773 F.Supp. 1244 (D.Minn.1991); *FDIC v. Canfield*, 763 F.Supp. 533 (D.Utah 1991), *reversed*, 957 F.2d 786 (10th Cir.1992).
  The Ninth Circuit in dicta referred to 28 U.S.C. § 1821(k) as "FIRREA's heightened tort liability standard". See *Home Savings Bank,*

*F.S.B. by Resolution Trust Corp. v. Gillam*, 952 F.2d 1152, 1169 (9th Cir.1991).

**25.** La.R.S. 12:91 and La.R.S. 6:291.

**26.** *Louisiana World Exposition v. Federal Insurance Co.*, 858 F.2d 233, 237–238 (5th Cir.1988).

**27.** 3 WILLIAM M. FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 990 (perm. ed. rev. vol. 1986).

**28.** In their brief in opposition to the motion for partial summary judgment, the FDIC asserts that Louisiana's gross negligence standard is the same as federal common law's simple negligence action. FDIC's Memorandum in Opposition to Joint Motion for Partial Summary Judgment Regarding Standard of Care, p. 3, note 2.

**29.** 141 U.S. 132, 11 S.Ct. 924, 35 L.Ed. 662 (1891).

ilar circumstances, and in determining that the restrictions of the Statute and the usages of the business should be taken into account. What may be negligence in one case may not be want of ordinary care in another, and the question of negligence is therefore ultimately a question of fact, to be determined under all circumstances." [30]

The Court further held:

"[W]e hold that directors must exercise ordinary care and prudence in the administration of the affairs of a bank, and that this includes something more than officiating as figure-heads. They are entitled under the law to commit the banking business, as defined, to their duly authorized officers, but this does not absolve them from the duty of reasonable supervision, nor ought they be permitted to be shielded from liability because of want of knowledge of wrong-doing, if that knowledge is the result of *gross inattention....*" (Emphasis added) [31]

The importance of the issue flows not from the technical labels given to the standard of care, but to the latitude afforded to directors in their decisions and to officers in carrying out those decisions. Indeed, the Fifth Circuit has recognized that directors and officers are provided with the latitude of making some errors of judgment.[32] However, the distinction between liability and no liability arises when officers and directors are grossly negligent.

■ When assessing a breach of fiduciary duty under Louisiana law, the requirement is good faith and loyalty. When determining whether there is a breach of a director's or officer's duty of care, the standard under Louisiana law is gross negligence.[33] Under Louisiana law, the FDIC can bring an action for breach of care *and* breach of fiduciary duty. Both claims can result in director and officer liability. However, in order to establish a breach of a director's duty of care, a plaintiff is required under Louisiana law to prove gross negligence. To prove a claim for breach of fiduciary duty, the plaintiff must prove the failure of good faith and loyalty by the officers and directors.[34] There is no claim

---

30. 141 U.S. at 152, 11 S.Ct. at 931.

31. 141 U.S. at 166, 11 S.Ct. at 936.

32. 858 F.2d at 238.

33. The FDIC's cause of action based on negligent breach of fiduciary duty is redundant and mischaracterizes the claim sought. All breaches of fiduciary duty are *per se* negligent, but not all negligence results in the breach of a fiduciary duty. Assessing one's breach of fiduciary duty reflects a determination of subjective intent in the directors' and officers' dealings. With good faith as the test, the assessment focuses on whether he who is in the fiduciary position has "served himself first and his cestuis second." *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939).

Indeed, the standard of care is not the real issue in assessing whether an officer or director has violated his fiduciary duty to the financial institution. The fiduciary responsibility held by directors and officers prohibits directors and officers from putting their personal or business interests or those of others ahead of the bank's interests. OFFICE OF THE COMPTROLLER OF THE CURRENCY, THE DIRECTOR'S BOOK 57 (1987).

34. An action for breach of fiduciary duty is a personal action with a ten year prescriptive period. La.Civ.Code art. 3499. In *Gerdes v. Estate of Cush,* 953 F.2d 201 (5th Cir.1992), the Fifth Circuit in affirming this Court, set forth the standard of proving a breach of fiduciary claim as follows:
"'The dominant characteristic of a fiduciary relationship is the confidence reposed by one in the other and [a person] occupying such a relationship can not further his own interests and enjoy the fruits of an advantage taken of such relationship. He must make a full disclosure of all material facts surrounding the transaction that might affect the decision of his principals.'
*Plaquemines Parish Commission Council v. Delta Development Co.,* 502 So.2d 1034, 1040 (La.1987) (quoting *Anderson v. Thacher,* 76 Cal.App.2d 50, 172 P.2d 533, 543 (1946). The duty of loyalty which results from the position of trust distinguishes the fiduciary relationship. A cause of action for breach of fiduciary duty requires proof of fraud, breach of trust, or an action outside the limits of the fiduciary's authority. *Crabtree Investments, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 577 F.Supp. 1466 (M.D.La.1984), aff'd without opinion, *Crabtree Investments v. Merrill Lynch,* 738 F.2d 434 (5th Cir.1984)."

under Louisiana law based on simple negligence against officers and directors.

Therefore:

IT IS ORDERED that Defendants' Joint Partial Motion for Summary Judgment is GRANTED as to the Federal Deposit Insurance Corporation's claims for SIMPLE NEGLIGENCE.

IT IS FURTHER ORDERED that Defendants' Joint Motion for Partial Summary Judgment on the Federal Deposit Insurance Corporation's claims for breach of fiduciary duty is DENIED.