RESOLUTION TRUST CORPORATION

v.

**James J. GAUDET, et al.**

**Civ.A. No. 92–2661.**

United States District Court, E.D. Louisiana.

June 22, 1995.

Peter Allen Kopfinger, Blondeau, Caire & Gregorie, Baton Rouge, LA, Ben Weldon Lightfoot, Victor L. Roy, III, Kyle Melbourne Keegan, Susannah Marie DeNicola, Joseph E. Stockwell, III, William L. Caughman, III, Roy, Kiesel & Tucker, Baton Rouge, LA, and Donna Garbarino Schwab, Baton Rouge, LA, David O. Mooney, Baton Rouge, LA, for plaintiff.

Stephen Kenneth Conroy, John A. Stassi, II, Stassi, Griffith & Conroy, Metairie, LA, Douglas Scott Draper, Draper & Culpepper, New Orleans, LA, Peter Scott Michell, Hammond, LA, Bruce Victor Schewe, Debra J. Hale, Phelps Dunbar, New Orleans, LA, and Michael Richard Allweiss, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, LA, for defendants.

Harold Heidingsfelder, Jefferson, LA, pro se.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court are the motions by defendants James J. Gaudet, Emile J. LeCler Jr., Robert S. Maloney Sr., Robert S. Maloney Jr., Albro P. Michell Jr., Edward W. Riedl Sr. and Joseph G. Scheib Jr. for judgment on the pleadings.[1] Having reviewed the memoranda of the parties, the record and the applicable law, the Court GRANTS the motions in part and DENIES the motions in part.

### Background

The Resolution Trust Corporation (hereinafter "RTC"), in its capacity as receiver[2] of Citizens Homestead Federal Savings Association (hereinafter "Citizens"), filed this lawsuit seeking "recovery for losses sustained by Citizens Homestead Association ... caused by the negligence, gross negligence, and breaches of fiduciary duty committed by for-

---

1. The motion of all defendants except Scheib was set for hearing on June 7, 1995, and was submitted on briefs only without oral argument on that date. (R.Doc. 74.) Defendant Scheib's motion is not set for hearing until July 5, 1995, and merely adopts the other defendants' motion. (R.Doc. 77.) The Resolution Trust Corporation's memorandum filed in opposition to the June 7 motion also states that it is in opposition to Scheib's motion. (R.Doc. 73, p. 1.) Thus, the Court deems it unnecessary to delay in issuing this decision.

2. Just prior to today's ruling, the Court granted the unopposed motion of RTC in its corporate capacity to substitute as plaintiff for RTC as receiver. (R.Doc. 78.)

mer officers and directors of Citizens Homestead." (R.Doc. 1, p. 1.)

RTC alleged two counts against defendants, "Breach of Fiduciary Duties" in Count I and "Negligence and Gross Negligence" in Count II, arising from the activities of Citizens Homestead Association" during the 1980s. *Id.* at 22–26. As to Count I, RTC alleged that defendants as directors and/or officers of Citizens Homestead Association "individually and collectively, breached their fiduciary duties to Citizens, and its depositors and shareholders, in that they did not discharge their duties in good faith, and in that they failed to exercise that degree of diligence, care, loyalty, judgment and skill required of them in the conduct, direction, supervision and control of the business and affairs of Citizens." *Id.* at 23–24, Paragraph 58.

As to Count II, RTC first alleged that "[t]he negligent failure of the Defendant Directors and Officers to exercise reasonable care, skill, diligence, loyalty and good faith in the discharge of their responsibilities include, but are not limited to" acts alleged in the complaint. *Id.* at 25, Paragraph 63. "RTC *further* shows that the acts and omissions of the Defendant Directors and Officers were so imprudent, reckless and careless as to amount gross negligence on the part of the Defendant[s]." *Id.* at 25–26, Paragraph 64 (emphasis added).

In addition to answering, the defendants whose motions are at issue filed counterclaims, seeking attorneys' fees and costs as a result of RTC's pursuit of "simple negligence" and breach of fiduciary duty claims contrary to applicable law. (R.Docs. 66 and 70.)

Defendants bring the instant motions seeking to have the "simple negligence" and breach of fiduciary duty claims dismissed,

relying principally on *RTC v. Miramon,* 22 F.3d 1357 (5th Cir.1994).

In opposition, RTC argues first that it has not brought a simple negligence claim. Instead, according to the RTC, a proper reading of Count II shows that defendants have "clearly assert[ed] that the defendants' conduct *exceeded* simple negligence and constituted gross negligence." (R.Doc. 73, p. 2.) Additionally, RTC argues that it is entitled to bring a breach of fiduciary duty claim based on state law.

Defendants also seek an award of damages and attorneys' fees pursuant to LSA–R.S. 6:786.F. This statute imposes such liability on "[a]ny person who unsuccessfully attempts to impose a higher standard of responsibility or liability than that provided by" LSA–R.S. 6:786.B., which requires proof of gross negligence to establish the liability of an officer or director of a financial institution.[3] The RTC opposes such an award on the basis that it has not alleged any claim other than gross negligence. Alternatively, the RTC argues that defendants have not been forced to incur attorneys' fees or been damaged in the defense of this matter because the factual allegations of its complaint are the same under any cause of action it alleges.

Law and Application

I. Standard of Review for Motion for Judgment on the Pleadings

In *Park Center, Inc. v. Champion International Corporation,* 804 F.Supp. 294, 301 (S.D.Ala.1992), the district court provided a succinct summary of the standard of review on a motion for judgment on the pleadings:

On a motion for judgment on the pleadings, Federal Rule of Civil Procedure 12(c) requires the Court to view the pleadings in the light most favorable to, and to draw all reasonable inferences in favor of, the non-

---

**3.** Section 786 is entitled "Relation and liability of officers and directors." Section B. provides:

A director or officer of a financial institution shall not be held personally liable to the financial institution or the shareholders or members thereof for monetary damages unless the director or officer acted in a grossly negligent manner as defined in R.S. 6:703(9) or engaged in conduct that demonstrates a greater disre-

gard of the duty of care than gross negligence, including intentional tortious conduct or intentional breach of the duty of loyalty.

Section F. provides that "[a]ny person who unsuccessfully attempts to impose a higher standard of responsibility or liability than that provided by this Section may be liable for attorney fees incurred in the defense of such attempt and for damages."

movant. The Court may grant judgment on the pleadings if it appears beyond doubt that the non-movant [sic] can plead or prove no set of facts in support of his claim which would entitle him to relief. Judgment on the pleadings is also appropriate where material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. The Court may grant judgment on the pleadings only if, on the admitted facts, the moving party is clearly entitled to judgment.

(Citations omitted.) *See also Greenberg v. General Mills Fun Group, Inc.,* 478 F.2d 254, 256 (5th Cir.1973) (comparing motion for judgment on the pleadings to motion for summary judgment); Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 1368.

## II. Application of Standard

With the applicable legal standard in mind, the Court turns to the issues before it. The Court deals first with the question of whether the RTC alleged a claim under "simple negligence" and, if so, whether defendants are entitled to judgment on the pleadings on this claim in light of *RTC v. Miramon, supra.* The Court then addresses defendants' motion as to the allegation of breach of fiduciary duty.

### A. Negligence

■ Although the RTC argues to the contrary, it is clear from the plain language of the complaint that the RTC not only made a claim against defendants for gross negligence but also made a claim for simple negligence. This is evidenced by the Complaint itself. For example, the RTC's use of the word "and" in the title of Count II, "Negligence and Gross Negligence," shows that the RTC meant to make a claim against defendants for simple negligence. Additionally, the RTC expressed its claim for negligence against

defendants in Paragraph 63, separate and apart from its claim of gross negligence against defendants in Paragraph 64. Moreover, as quoted above, in a section of the Complaint entitled "Preliminary Statement," the RTC stated that it sought recovery for losses "caused by the *negligence, gross negligence, and breach of fiduciary duty by*" defendants. (R.Doc. 1, p. 1.) (Emphasis added.) Therefore, the Court rejects the RTC's argument that it has not made a claim for negligence in its complaint.

The next question is whether such a claim is viable. The Fifth Circuit in *RTC v. Miramon* specifically rejected this argument, holding that no claim exists under either federal common law or Louisiana law based on negligence of officers and directors of a financial institution. *RTC v. Miramon,* 22 F.3d at 1364–65. Thus, because RTC can prove no set of facts in support of its claim which would entitle it to relief on its simple negligence cause of action, defendants are entitled to judgment on the pleadings as to this issue.[4]

### B. Breach of Fiduciary Duty

■ For the following reasons, however, the Court finds that defendants are not entitled to judgment on the pleadings as to RTC's claim for breach of fiduciary duty. This decision is supported by a review of *RTC v. Miramon, supra,* and cases cited therein.

The first issue before the Fifth Circuit in *RTC v. Miramon* was "whether the RTC can sue directors or officers of federally-insured (sic) depository institutions for simple negligence and breach of fiduciary duty *under the federal common law.*" 22 F.3d at 1359 (emphasis added). The Court held that 12 U.S.C. § 1821(k) preempts federal common law.[5] The Fifth Circuit specifically did not

---

**4.** There is and can be no dispute that the RTC can proceed with its claim of gross negligence in Count II under 12 U.S.C. § 1821(k). *See* n. 5, *infra. See also RTC v. Miramon, supra.* Today's ruling only grants judgment on the pleadings as to the RTC's claim based upon simple negligence.

**5.** Section 1821(k) provides, in pertinent part:

A director or officer of an insured depository institution may be held personally liable for monetary damages in any civil action, by, on behalf of, or at the request of direction of the Corporation, which action is prosecuted wholly or partially for the benefit of the Corporation.... for gross negligence, including any similar conduct or conduct that demonstrates a greater disregard of a duty of care (than gross negligence) including intentional tortious

address the similar but distinct issue "of whether state common law is preempted by § 1821(k)." *Id.,* n. 2. The court of appeals noted that two other circuit courts

> have held that state common law standards which allow causes of action against directors and officers of federally-insured (sic) institutions based on simple negligence are not preempted. These courts concluded that state law is preempted only to the extent that states attempt to insulate directors and officers by establishing a more forgiving standard of care than gross negligence.

*Id.,* n. 2, *citing FDIC v. Canfield,* 967 F.2d 443, 447–48 (10th Cir.1992) *(en banc); FDIC v. McSweeney,* 976 F.2d 532, 538–39 (9th Cir.1992).

A second issue arose in *RTC v. Miramon* when the RTC argued in a supplemental brief that, even if its simple negligence claim under federal common law was preempted by § 1821(k), it was entitled to bring a simple negligence claim under Louisiana law. *Id.* at 1359. The Court reviewed Louisiana statutory and judicial law and concluded that "the standard of care ... for the imposition of liability against directors and officers [is] gross negligence." *Id.* at 1365. Because "neither federal law nor Louisiana law recognizes a cause of action against directors or officers of depository institutions for lesser breaches of duty than gross negligence," the Fifth Circuit upheld the district court's dismissal of such claims. *Id.*

Neither in *RTC v. Miramon* nor in any decision since has the Fifth explicitly addressed the issue presently before the Court, *i.e.,* whether the RTC has a cause of action under Louisiana law for breach of fiduciary duty. Other courts have addressed the issue, however, and, finding those decisions

persuasive, the Court holds that the RTC can maintain such a cause of action.

As the Fifth Circuit noted in *RTC v. Miramon,* the Ninth Circuit in *McSweeney* and the Tenth Circuit in *Canfield* both have held that § 1821(k) does not prohibit state common law causes of action based on simple negligence.[6]

Additionally, in *FDIC v. Shelton,* 789 F.Supp. 1360, 1365 (M.D.La.1992) (Polozola, J.), the court found that § 1821(k) did not preempt the FDIC's state law claims and also determined that the applicable standard of care imposed on directors and officers under Louisiana law was gross negligence.

> Under Louisiana law, the FDIC can bring an action for breach of care and breach of fiduciary duty. Both claims can result in director and officer liability. However, in order to establish a breach of a director's duty of care, a plaintiff is required under Louisiana law to probe gross negligence. To prove a claim for breach of fiduciary duty, the plaintiff must prove the failure of good faith and loyalty by the officers and directors. There is no claim under Louisiana law based on simple negligence against officers and directors.

*Id.* at 1366–67.

In view of *McSweeney* and *Canfield,* which did not prohibit state common law causes of action with a lesser standard of care less than gross negligence, and reading *Shelton* in light of *RTC v. Miramon,* the Court finds that the RTC can maintain a claim under Louisiana law for breach of fiduciary duty, which carries a standard of gross negligence. Louisiana law specifically provides for such a claim. LSA–R.S. 6:786.A. and B. Additionally, such a claim is not preempted by § 1821(k) nor prohibited by *RTC v. Mira-*

---

conduct, as such terms are defined and determined under applicable State law. Nothing in this paragraph shall impair or affect any right of the Corporation under other applicable law. This statute is applicable to the RTC pursuant to 12 U.S.C. § 1441a.(b)(4)(A).

**6.** In *McSweeney,* the Ninth Circuit panel stated: "We hold that the plain language of [the federal Financial Institutions Reform, Recovery, and Enforcement Act, including § 1821(k)] allows the FDIC to bring claims against former officials of

failed financial institutions premised on a lesser degree of culpability than gross negligence, where authorized under state law." *McSweeney,* 976 F.2d at 541.

In *Canfield,* the Tenth Circuit *en banc* held that the "plain language" of § 1821(k) required reversal of the district court's "holding that section 1821(k) preempts state law and bars the FDIC from seeking damages from officers and directors of failed institutions for simple negligence." *Id.* at 444, 449.

*mon.* Indeed, the decision in *RTC v. Miramon* can be read as implicitly approving the existence of a cause of action for breach of fiduciary duty under Louisiana law.

Thus, because the RTC can maintain a claim against defendants for breach of fiduciary duty, the defendants are not entitled to judgment on the pleadings as a matter of law.

**C. Damages and Attorneys' Fees**

■ The final issue is whether defendants are entitled to damages and attorneys' fees on their counterclaims pursuant to LSA–R.S. 6:786.F. as a result of RTC's initially filing a simple negligence claim against defendants and/or the RTC's failure to dismiss its simple negligence claim after *RTC v. Miramon* was issued on June 21, 1994.[7]

In *Resolution Trust Corporation v. Miramon,* 1994 WL 605906 at *4 (E.D.La.1994) (Schwartz, J.), the court granted a partial summary judgment for attorneys' fees and damages pursuant to LSA–R.S. 786.F. following the Fifth Circuit's decision in *RTC v. Miramon.* Judge Schwartz rejected numerous RTC arguments that it should not be held liable for damages and attorneys' fees. *Id.* at 2–4.

Guided by *RTC v. Miramon* and Judge Schwartz's decision following that appeal, the Court finds that defendants are entitled to judgment on the pleadings as a matter of law on their counterclaim for attorneys' fees and damages, if any, as a result of the RTC's bringing a simple negligence claim in this matter. At the least, the RTC should have dismissed the simple negligence claim following the Fifth Circuit decision in *RTC v. Miramon* and not waited until plaintiffs filed the instant motion.

The Court rejects the RTC's contention that defendants would have had to defend this matter anyway. The RTC filed a claim which specifically flies in the face of existing Fifth Circuit precedent that a simple negligence claim against officers and directors of a financial institution is non-existent under Louisiana law.

7. The instant complaint was filed on August 7, 1992.

As to remedy, the Court finds that defendants are entitled to recover their attorneys' fees for having to bring the instant motion. However, the issue of whether defendants are entitled to damages also is not ripe for decision as no evidence has been presented.

Therefore, at this time, the Court only holds that defendants are entitled to judgment as a matter of law on the RTC's liability under LSA–R.S. 6:786.F. and that the RTC is liable for attorneys' fees incurred by defendants' in having to file this motion.

Accordingly,

IT IS ORDERED that defendants' motions for judgment on the pleadings are GRANTED IN PART and DENIED IN PART.