978 F.2d 533
 61 USLW 2330
 BURNS INTERNATIONAL, INC.; W.I.O. Inc.; Robert Burns and
Paige Burns, Plaintiffs-Appellants,
v.
WESTERN SAVINGS AND LOAN ASSOCIATION, a federal savings and
loan association; Western Savings and Loan
Association, an Arizona corporation;
Gary Driggs, and Kay Driggs,
Defendants-Appellees.
 No. 90-15180.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 16, 1992.
Decided Oct. 30, 1992.
 
 Michael J. LaVelle, Allen, Kimerer & LaVelle, Phoenix, Ariz., for plaintiffs-appellants.
 Andrew L. Pringle, Mariscal, Weeks, McIntyre & Friedlander, and Michael D. Hawkins, Daughton, Hawkins, Brockelman and Guinan, Phoenix, Ariz., for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before: CHOY, ALARCON, and HALL, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 Burns International, Inc., W.I.O., Inc., Robert Burns, and Paige Burns (collectively "the Burnses") appeal from the dismissal of their complaint against Gary Driggs and Kay Driggs ("the Driggses") for lack of subject matter jurisdiction.
 
 
 2
 We must determine whether an action for fraud and negligent misrepresentation may be brought against an officer of a savings and loan association under federal common law. We conclude that there is no paramount federal interest that compels the recognition of a federal common law cause of action against an individual officer in a case where a borrower from a federal savings and loan association alleges that a loan agreement was induced by means of fraudulent misrepresentations.
 
 I.
 PROCEDURAL POSTURE
 
 3
 The Burnses filed an action against the Driggses and Western Savings and Loan Association, F.A. and Western Savings and Loan Association. They alleged in Count One of the First Amended Complaint that the defendants had violated the antitying provisions of 12 U.S.C. § 1464(q). Count Two alleged fraud. Count Three alleged negligent misrepresentation. Count Four alleged consumer fraud in violation of Ariz.Rev.Stat.Ann. § 44-1522.
 
 
 4
 The complaint alleged federal court jurisdiction in paragraph 10 as follows:
 
 
 5
 Jurisdiction in this case is founded on a federal question. The action arises under 28 U.S.C. § 1331 and particularly § 1346(b) as more fully appears below. This court has jurisdiction of the pendant (sic) state claims under the doctrine of United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
 
 
 6
 (emphasis added).
 
 
 7
 The Driggses filed a motion to dismiss Count One on the ground that Section 1464(q) does not apply to an individual. The Driggses also moved to dismiss the state claims because they were not pendent to a valid "arising under" federal law cause of action. In response to the Driggses' motion to dismiss, the Burnses argued that "[a]lthough 12 U.S.C. § 1464(q) might not include within its ambit natural persons, see Rae v. Union Bank, 725 F.2d 478, 480 (9th Cir.1984), the complaint states a cause of action under federal common law."
 
 
 8
 On October 13, 1989, the district court granted the Driggses' motion to dismiss, ruling that Section 1464(q) does not authorize an action for relief against natural persons. The district court dismissed the pendent state law claims because "no independent federal jurisdictional basis exists." The court held that the fraud and negligent misrepresentation claims against the Driggses did not "arise to issues of federal common law." The district court also granted the Driggses' motion for award of attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure.
 
 
 9
 On October 12, 1989, the day preceding the hearing on the motion to dismiss, the Burnses filed a complaint in the Maricopa County Superior Court against the Driggses alleging fraud, negligent misrepresentation, and consumer fraud. The Burnses filed a motion on October 25, 1989, to amend the judgment and for reconsideration. The motion was based on the contention that the court had pendent party jurisdiction over the "non-federal claims" for fraud and negligent misrepresentation pursuant to the October 10, 1989 decision of this court in Teledyne v. Kone Corporation. (The Teledyne case was subsequently amended and appears at 892 F.2d 1404 (9th Cir.1990)). The Burnses did not reassert their argument that the fraud and negligent misrepresentation claims were cognizable under federal common law. Instead, the Burnses stated:
 
 
 10
 The suit filed here initially alleged illegal tying and further alleged that the defendant Driggs participated in that illegal tying. It is also alleged that the precise facts dealing with the illegal tying would form the factual basis for other claims alleged against the Defendant Driggs. The issue then was whether, under United Mine Workers of America v. Gibbs, the court had jurisdiction over the individuals.
 
 
 11
 Thus, it is quite clear that in relying on Teledyne and Gibbs, the Burnses abandoned their federal common law theory and relied instead on the concept of pendent jurisdiction over state claims. Furthermore, in their reply to the Driggses' opposition to the post-judgment motions, the Burnses argue "the exercise of pendent party jurisdiction is appropriate here." In a later passage, the Burnses assert: "The Plaintiffs never conceded, in written or oral form, the absence of pendent party jurisdiction. Plaintiffs vociferously maintained that the exercise of pendent party jurisdiction under this particular statute was appropriate." (emphasis added). The district court denied the postjudgment motions and ordered additional attorneys' fees for the preparation of a response to the motion to amend the judgment and the motion for reconsideration.
 
 
 12
 In this timely appeal, the Burnses seek review of the dismissal of this action for lack of subject matter jurisdiction and the order awarding attorneys' fees and costs to the Driggses. Because the jurisdiction question is novel, we address it in this opinion for publication. We have considered the Rule 11 sanctions in a memorandum disposition not for publication also filed on this date.
 
 II.
 DISCUSSION
 
 13
 The Burnses contend that the district court erred in ruling that a borrower can not maintain a tort action against an officer of a savings and loan institution for fraud and misrepresentation under federal common law principles. They do not seek review of the dismissal of their claim in Count One that the Driggses are liable under Section 1464(q), nor do they argue that the district court had pendent claim or pendent party jurisdiction over the fraud and misrepresentation counts. Before this court, the Burnses now argue that the regulation of federal savings and loan associations ("S & Ls") under 12 U.S.C. § 1464 is a uniquely federal interest, demanding recognition of federal common law causes of action for fraud and negligent misrepresentation against executives, officers, and directors of such institutions. The Burnses assert that because Congress clearly intended to prevent federally chartered savings and loan institutions from undertaking irresponsible and manipulative lending practices, it is axiomatic that federal common law would recognize a claim against individuals arising under the statute. We review the dismissal of a complaint for lack of subject matter jurisdiction de novo. Boettcher v. Secretary of Health & Human Servs., 759 F.2d 719, 720 (9th Cir.1985).
 
 
 14
 The question whether a private cause of action can be maintained by a borrower against an S & L for alleged violations of the Home Owners' Loan Act ("HOLA") was addressed in Taylor v. Citizens Fed. Sav. & Loan Ass'n., 846 F.2d 1320 (11th Cir.1988). In Taylor, two mortgagors brought an action on their own behalf and on behalf of a class of persons holding mortgage loans against Citizens Federal Savings and Loan Association ("Citizens Federal"). Id. at 1321. In addition to allegations of a violation of HOLA, the complaint "also asserted state causes of action for breach of contract, fraud, conversion, and a breach of a fiduciary duty." Id. (emphasis added).
 
 
 15
 Citizens Federal filed a motion to dismiss for lack of federal subject matter jurisdiction on the ground that HOLA does not provide for a private cause of action. Id. Taylor argued in response that HOLA provided an implied cause of action, or that a remedy could be fashioned from federal common law. The district court granted the motion to dismiss. Id.
 
 
 16
 The Eleventh Circuit affirmed, holding that HOLA did not provide for a private cause of action. Id. at 1321-24. The Eleventh Circuit also found that federal common law was inapplicable. Id. at 1324. The court concluded that "Taylor's claims essentially arise from her contractual relationship with Citizens Federal, and we discern no paramount federal interest in policing that relationship." Id.
 
 
 17
 The Burnses argue that Taylor is inapplicable because "[e]ach of the plaintiff's allegations in Taylor, as the Eleventh Circuit recognized, were based on a contractual agreement between the plaintiff and the savings and loan association." The Burnses assert that federal common law is applicable because their claims of fraud and negligent misrepresentation do not arise out of their contractual relationship with Gary Driggs. This argument is unpersuasive. The Burnses fail to recognize that, as in the matter sub judice, one of the claims asserted in Taylor was a cause of action for fraud. More importantly, the Burnses alleged in their complaint that the alleged fraudulent representations were made by Gary Driggs in connection with two separate contracts to extend a line of credit to the Burnses. In Count Four of the First Amended Complaint, the Burnses alleged that the misrepresentations and nondisclosures of Gary Burns "occurred in connection with the offer and sale of a loan." We agree with the Eleventh Circuit that the creation of new federal common law causes of action is unnecessary for allegations of fraudulent representations in connection with a bank loan because the remedy under state law is adequate. We have previously held that:
 
 
 18
 [A]bsent some Congressional authorization to formulate substantive rules of decision, federal common law exists only in such narrow areas as those concerned with the rights and obligations of the United States, intrastate and international disputes implicating the conflicting rights of States or our relations with foreign nations, and admiralty cases.
 
 
 19
 Fidelity Fin. Corp. v. Fed. Home Loan Bank Board, 792 F.2d 1432, 1437 (9th Cir.1986) (citation and internal quotation marks omitted), cert. denied, 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987).
 
 
 20
 The Burnses' allegations of fraudulent misrepresentation in negotiating a line of credit do not implicate any unique national interests requiring the creation of a federal rule of decision.
 
 
 21
 The Burnses' reliance on First Hawaiian Bank v. Alexander, 558 F.Supp. 1128 (D.Haw.1983), and Eureka Fed. Sav. & Loan Ass'n v. Kidwell, 672 F.Supp. 436 (N.D.Cal.1987) is misplaced. In First Hawaiian Bank, the plaintiffs alleged that the former officers and directors of an S & L were liable for "federal common law negligence." Id. at 1131. Chief District Judge Samuel P. King granted the defendants' motion to dismiss this allegation based on the following analysis:
 
 
 22
 Count IV alleges federal common law negligence, principally in failing to maintain safe and sound management practices and financial policies, and making improvident loans. Negligence is an area traditionally left to the state courts. There is no interest in national uniformity which would be served by the creation or application of any federal decisional law. Nor is any federal statute applicable or relevant. Therefore this court declines to recognize a federal common law cause of action for negligence.
 
 
 23
 Id.
 
 
 24
 The district court in First Hawaiian held that a separate count for federal common law breach of fiduciary relationship was within the court's jurisdiction because it reasoned that federal law applied to "the internal affairs of federal savings and loan associations." Id. at 1132. The Burnses did not allege facts demonstrating conduct affecting the internal affairs of Western Savings. Instead, the Burnses complain of Gary Driggs' representations to a borrower during a loan negotiation.
 
 
 25
 Eureka Federal Savings and Loan Association also involved a claim against former officers of an S & L for a violation of HOLA and breach of a fiduciary duty. In addition, the plaintiffs alleged negligence and waste. The court ruled that "[the] claims against defendants on grounds of negligence and waste will be governed by state law." Id. at 441. The court opined as follows: "There is no unique federal interest involved in the creation or application of federal common law to those areas of liability, nor an interest in national uniformity that requires such." Id. (citing First Hawaiian Bank v. Alexander, 558 F.Supp. 1128, 1131 (D.Haw.1983)).
 
 
 26
 The Fifth Circuit has also declined to adopt a federal common law remedy in an action between a borrower and an S & L in Gulf Fed.Sav. and Loan Ass'n of Jefferson Parish v. Federal Home Loan Bank Board, 651 F.2d 259 (5th Cir.1981), cert. denied, 458 U.S. 1121, 102 S.Ct. 3509, 73 L.Ed.2d 1383 (1982). The court held that the cases applying federal common law remedies to the actions of an S & L "stand only for the proposition that federal law governs the internal management of federal savings and loan institutions." Id. at 266. The court concluded that breach of a contract with a borrower
 
 
 27
 [did] not implicate the sound management of the savings and loan or the insurance liability of the government, nor do they require a uniform federal rule to assure sound and well-managed savings and loan institutions.
 
 
 28
 Id. (citations omitted).
 
 
 29
 Contrary to the Burnses' contentions, a cause of action alleging that a loan agreement was obtained by means of a fraudulent representation does not implicate the internal affairs of an S & L. The Burnses have failed to demonstrate that state law is inadequate to resolve their pending action against the Driggses in the Arizona courts involving the same claims.
 
 
 30
 AFFIRMED.