990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Evan RAPSOMANIKIS, Plaintiffs-Appellants,
v.
U.S. DEPT. OF HEALTH AND HUMAN SERVICES; et al.,
Defendants-Appellees.
 No. 92-15862.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 8, 1993.
 
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Evans Rapsomanikis appeals pro se the district court's dismissal of his action for lack of subject-matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Burns Int'l, Inc. v. Western Sav. & Loan Ass'n, 978 F.2d 533, 535 (9th Cir.1992), and affirm.
 
 
 3
 On October 16, 1991, a federal magistrate judge, upon application by an agent of the Food and Drug Administration ("FDA"), issued two inspection warrants authorizing FDA agents to inspect the Paradise Pain Clinic ("PPC") and the Kytarron Energy Corporation ("KEC") located in Las Vegas, Nevada. The agents specifically were to search for a medical device used by Rapsomanikis purportedly to treat certain medical conditions, including cancer and AIDS.[1] The agent who filed the warrant applications alleged that such use of the devices was in violation of the Food Drug and Cosmetic Act ("FDCA").
 
 
 4
 During the inspections, the agents seized several of the devices and placed them in administrative detention pursuant to 21 U.S.C. § 334(g)(1) on the ground they had "reason to believe" the devices were misbranded or adulterated under the FDCA.[2] The devices were held pending the FDA's decision whether to recommend to the Justice Department that forfeiture proceedings be initiated pursuant to 21 U.S.C. § 334(a). See id. § 334(g)(1). On November 18, 1991, pursuant to the FDA's recommendation, the United States filed two libel actions in the district court for condemnation and forfeiture of the seized devices. See id. § 334(a). On November 19, the court issued warrants of arrest in rem for the devices. The United States Marshal executed the warrants and now has custody of the devices.
 
 
 5
 On November 13, 1991, Rapsomanikis, represented by counsel, filed this action in district court seeking (1) a declaration that the inspection warrants issued on October 16, 1991 were null, void, and of no effect; (2) injunctive relief prohibiting the FDA from seizing and detaining the devices without notice and due process of law; and (3) compensatory and punitive damages. The district court determined it lacked jurisdiction to review the administrative actions at issue and therefore could not grant declaratory or injunctive relief. The court also determined that the action was moot because the FDA no longer had custody of the devices.
 
 
 6
 * The FDA contends that both the determination of whether there was "reason to believe" the devices were misbranded or adulterated and the determination of whether there was "probable cause" to recommend initiating forfeiture proceedings against the devices are unreviewable in this action. The FDA contends Rapsomanikis will have ample opportunity to challenge the seizures during the forfeiture proceedings. The FDA's contention has merit.
 
 
 7
 In Ewing v. Mytinger & Casselberry, Inc., 339 U.S. 594 (1950), the Supreme Court held that the FDA's determination of whether there is probable cause to seize devices pursuant to 21 U.S.C. § 334(a) is not reviewable in an action separate from a libel suit brought against the devices. 339 U.S. at 600-02.[3] The Court stated that the "highly selective manner in which Congress has provided for judicial review [under the FDCA] reinforces the inference that the only review of the issue of probable cause which Congress granted was the one provided in the libel suit." Id. at 600-01.
 
 
 8
 We agree with the district court that it lacked jurisdiction to review the FDA's determination that there was "probable cause" to institute forfeiture proceedings. See id. at 600-02. We also agree that under Ewing the district court lacked jurisdiction to review the FDA agents' determination that there was "reason to believe" the devices were adulterated or misbranded and therefore subject to administrative detention. See id. at 601; accord United States v. Alcon Labs., 636 F.2d 876, 882 (1st Cir.) ("[t]he Supreme Court's decision in Ewing precludes judicial interference with the FDA's decision to institute enforcement actions, whatever the precise context"), cert. denied, 451 U.S. 1017 (1981). As the government argues, Rapsomanikis will have an opportunity to challenge both determinations in the forfeiture proceedings. See Ewing, 339 U.S. at 600-01; see, e.g., United States v. Device Labeled "Theramatic", 641 F.2d 1289, 1290-91 (9th Cir.1981) (holding, within context of forfeiture proceedings, that arrest warrant violated fourth amendment because of inadequate showing of probable cause).
 
 
 9
 Rapsomanikis does not directly address the issue of whether the district court had subject-matter jurisdiction over his action. Rather, he contends the FDA did not have probable cause to search either PPC or KEC because the FDA's warrant application contained unreliable information. He thus challenges the district court's decision to issue the inspection warrants.
 
 
 10
 We note that the FDA agents were not required to obtain a judicial warrant before inspecting PPC and KEC but nevertheless took that step. See 21 U.S.C. § 374(a)(1); accord United States v. Gel Spice Co., 773 F.2d 427, 429 (2d Cir.1985), cert. denied, 474 U.S. 1060 (1986). We are satisfied, however, that Rapsomanikis will have sufficient opportunity to challenge the inspection warrants in the forfeiture proceedings. See Device Labeled "Theramatic", 641 F.2d at 1290-91.
 
 II
 
 11
 Rapsomanikis also contends he was denied his constitutional right to a fair trial below because his counsel was inadequate. He specifically refers to his attorney's failure to circulate a "citizen's petition" seeking a formal FDA ruling on his devices. This contention lacks merit. It is well established that litigants are bound by the actions of their attorneys. See Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962); Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1387 (9th Cir.1988). Accordingly, even if counsel's representation of Rapsomanikis was deficient, reversal of the district court's judgment would not be warranted.
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rapsomanikis, an engineer, invented the device. The device apparently generates an electromagnetic current which can be applied to patients through noninvasive procedures. The devices are manufactured by KEC. Rapsomanikis, who is not a physician, treats patients at PPC. Rapsomanikis appears to be the sole shareholder of both corporations
 
 
 [2]
 Section 334(g)(1) provides, in pertinent part, that "[i]f during an inspection ... of a facility ..., a device which the officer or employee making the inspection has reason to believe is adulterated or misbranded is found in such facility ..., such officer or employee may order the device detained...."
 
 
 [3]
 Section 334(a) authorizes the FDA to proceed on libel for condemnation if there is probable cause to believe that a device is misbranded or adulterated. See 21 U.S.C. § 334(a), (g)(1). In reality, the FDA only recommends to the Attorney General whether to proceed. See id. § 337; Ewing, 339 U.S. at 598-99. The Attorney General, in her discretion, makes the final decision whether to bring an action. See Ewing, 339 U.S. at 598-99
 
 
 [4]
 In light of our disposition, we do not reach appellees' contention that the district court correctly dismissed this action as moot