FIRST HAWAIIAN BANK, Plaintiff,

v.

Denis D. ALEXANDER, Richard A. Cooke, Jr., Clifford Fujiwara, Glenn Okada, William Takabayashi, Henry K.F. Kersting, Michael Provan and Paul Simpson, Defendants.

Civ. No. 82–0090.

United States District Court,
D. Hawaii.

Feb. 25, 1983.

Edward A. Jaffe, Colin O. Miwa, Cades, Schutte, Fleming & Wright, Honolulu, Hawaii, for plaintiff.

George W. Brandt, Gail M. Kang, Honolulu, Hawaii, for Denis D. Alexander.

Thomas P. Dunn, Honolulu, Hawaii, for Henry K.F. Kersting.

Alexander C. Marrack, Hoddick, Reinwald, O'Connor & Marrack, Honolulu, Hawaii, for Richard A. Cooke, Jr.

John A. Chanin, Honolulu, Hawaii, for Clifford Fujiwara.

Walter G. Chuck, W. Gregory Chuck, Honolulu, Hawaii, for Glenn Okada and William Takabayashi.

Steven H. Levinson, Diane D. Hastert, Damon, Key, Char & Bocken, Honolulu, Hawaii, amicus curiae for Federal Sav. & Loan Ins. Corp.

Thomas P. Vartanian, Ralph W. Christy, Harvey Simon, Jeffrey M. Werthan, Federal Home Loan Bank Bd., Washington, D.C., amicus curiae.

## DECISION AND ORDER

SAMUEL P. KING, Chief Judge.

BACKGROUND:

Plaintiff First Hawaiian Bank (hereafter FHB) loaned $1.8 million to the shareholders of approximately ninety percent of the shares of guaranty stock of First Savings and Loan (hereafter FS & L). FHB is the assignee of those shares. The Hawaii State Department of Regulatory Agencies and the Federal Home Loan Bank Board (hereafter FHLBB) ordered FS & L into receivership. According to the agreements worked out by the receiver, First Federal Savings and Loan bought the assets and liabilities of FS & L, and the Federal Savings and Loan Insurance Company (FSLIC) purchased the claims against the officers and directors of FS & L. Through the receivership agreements, all shareholders' equity was depleted, leaving the plaintiff with worthless collateral and the shareholders with a worthless investment.

FHB brings this action as the assignee of shares in the now defunct FS & L. Defendants were officers and directors of FS & L. The complaint charges them with seven counts: (1) violation of various federal regulations promulgated under the Home Owners Loan Act (hereafter HOLA), (2) violation of Haw.Rev.Stat. § 407–46, similar to the HOLA count, (3) negligent management of FS & L, (4) federal common law negligence, (5) breach of state common law fiduciary duty to plaintiff and plaintiff's assignors, (6) federal common law breach of fiduciary duties, and (7) breach of a state law contractual duty to act prudently and exercise due care.

Defendants William Takabayashi and Glenn Okada have filed a Motion to Dismiss; Defendant Richard A. Cooke joined in the Motion. Defendants raise the following grounds for dismissal of this action: Counts I and II: that no private cause of action can be implied from HOLA, its accompanying federal regulations, or Haw. Rev.Stat. § 407–46; Counts IV and VI: that there is no cause of action under federal common law; Count VII: that the plaintiff has not alleged the existence of a contract; and finally, as to all counts that FHB has no standing to sue.

DISCUSSION:

### COUNTS I AND II: NO IMPLIED PRIVATE CAUSE OF ACTION

In *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the United States Supreme Court set out the test to be used in implying a cause of action from a federal statute. A private cause of action cannot be implied unless: 1) the statute creates a clearly articulated federal right in the plaintiff (that is, the statute was created for the especial benefit of the plaintiff's class), 2) there is implicit or explicit legislative intent to create a private remedy, 3) the implication of a private remedy is consistent with the purpose of the statute, and 4) the cause of action is not in an area traditionally relegated to state law such that it would be inappropriate to infer a cause of action based solely on federal law.

Subsequent case law has indicated that the focus of the inquiry is congressional intent. For example, in *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979), the Supreme Court held that there was no private cause of action under the Securities Investor Protection Act. The Court said that the inquiry ends with the determination on the basis of the

statutory language and legislative history that Congress did not intend to create a private right of action. *Id.* at 575–76, 99 S.Ct. at 2488–89. Further inquiry was deemed irrelevant.

The Supreme Court in a recent 5–4 decision held that a private cause of action could be implied from a violation of the Commodities Exchange Act. *Merrill Lynch, Pierce, Fenner & Smith v. Curran,* 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982). The Court focused on the contemporary legal context in which the legislation was amended. In *Curran,* that context included an implied private remedy recognized by the courts. Congress, in amending the Commodities Exchange Act, left intact the section from which a private cause of action had been implied in the past. There was also evidence in the Senate and House Reports on the Act that the existence of the private implied cause of action and its effects on enforcement of the federal regulations was affirmatively considered during revision of the Act. *Id.* at 382–85, 102 S.Ct. at 1841–42. The Court found that, based on these facts, Congress affirmatively intended to preserve that remedy.

■ The court in the present case therefore focuses initially on the legislative intent of Congress in enacting and subsequently modifying HOLA. In 1966, Congress reviewed the remedies available to the FHLBB to enforce HOLA and its regulations. At that time, there was no case law establishing a private cause of action. Congress, in expanding the FHLBB's enforcement powers, explicitly noted that the only enforcement action authorized was the extreme remedy of receivership. No mention was made of a private cause of action, and Congress did not provide for a private cause of action at that time. Unlike *Curran, supra,* there is no evidence of affirmative consideration of the existence or nonexistence of a private implied cause of action. In light of the more restrictive approach of *Cort v. Ash* and its progeny, this court cannot imply a private cause of action for violations of HOLA and its accompanying federal regulations.

■ Count II alleges violation of Haw. Rev.Stat. § 407–46. Section 407–46 recognizes and incorporates HOLA and its regulations. It, too, does not provide for a private right of action. There is no Hawaii case law implying a cause of action. Therefore, this court declines to imply a private cause of action from the Hawaii statute as well.

## COUNT IV AND VI: FEDERAL COMMON LAW

■ Federal common law can be a basis for 28 U.S.C. § 1331(a) jurisdiction. *See Illinois v. City of Milwaukee,* 406 U.S. 91, 98–100, 92 S.Ct. 1385, 1390–91, 31 L.Ed.2d 712 (1972). However, not all questions of federal law will be sufficient to invoke federal jurisdiction. Only where dispositive issues require the application of federal common law will § 1331(a) be invoked. In the present case, plaintiff asserts federal common law causes of action for negligence and breach of fiduciary duty.

■ Count IV alleges federal common law negligence, principally in failing to maintain safe and sound management practices and financial policies, and making improvident loans. Negligence is an area traditionally left to the state courts. There is no interest in national uniformity which would be served by the creation or application of any federal decisional law. Nor is any federal statute applicable or relevant. Therefore this court declines to recognize a federal common law cause of action for negligence.

The issue becomes more clouded with regards to Count VI. The United States Supreme Court in *Milwaukee v. Illinois,* 451 U.S. 304, 101 S.Ct. 1784, 68 L.Ed.2d 114 (1981), (hereafter *Illinois* II) held that federal courts may resort to the federal common law only in the absence of legislation by Congress or where a court cannot answer federal questions with resort to the federal statutes alone. In *Illinois* II, Congress had enacted a comprehensive water pollution statute. The Court found that Congress had occupied the field through the

establishment of a comprehensive regulatory program supervised by an expert administrative agency. Therefore, the federal judiciary was effectively precluded from creating any common law to fill in the interstices of the Act.

The Seventh Circuit Court of Appeals in *Barany v. Buller,* 670 F.2d 726 (7th Cir. 1982), faced similar issues. The plaintiffs were removed from their Federal Credit Union Credit Committee by a special meeting of the Board and replaced. Plaintiffs sued under the Federal Credit Union Act (hereafter FCUA) and federal common law. The court found that a cause of action could not be implied from the FCUA under the criteria of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). However, the court also concluded that the plaintiffs had an action under the federal common law.

The court noted the Supreme Court's holding in *Illinois* II, *supra,* that where the federal statute has an integrated scheme of remedies which omits the relief requested by the plaintiff, the court must assume that Congress deliberately omitted that remedy. However, the court went on to distinguish *Illinois* II from the *Barany* situation, holding that the federal common law remedies are not precluded where the statute's remedies do not afford the aggrieved parties at least a reasonable alternative to the relief sought.

The court analogized the FCUA and HOLA in finding that "uniquely federal interests" required formulation of common law remedies to govern the internal administration of extensively regulated federal institutions. *Id.* at 734. For example in *Rettig v. Arlington Hgts. Fed. Sav. & Loan Ass'n,* 405 F.Supp. 819 (N.D. Illinois 1975), savings account depositors brought suit individually and derivatively against the officers and directors of the association for breach of their fiduciary duty. The court found that only the FHLBB can regulate the internal workings of the associations, and that the fiduciary duties of the officers and directors were related to the internal affairs of the associations. Thus applying a single federal standard to federal savings and loans was in keeping with the underlying objectives of HOLA. The court therefore relied on federal common law to fill out the framework of the FHLBB's regulatory scheme. *Id.* at 826–27.

Similarly in *City Federal Savings and Loan Assoc. v. Crowley,* 393 F.Supp. 644 (E.D.Wis.1975), the court noted that FHLBB regulations were comprehensive and "cover[ed] all aspects of every federal savings and loan association from its cradle to its corporate grave", *id.* at 655. Consequently, exclusively federal law, including federal common law, would apply to the internal affairs of federal savings and loan associations. The court therefore concluded that City Federal Savings and Loan's claims against its former officers and directors arose under the federal common law governing the internal management of federal savings and loans.

The decisions above reflect the degree of federal interest in uniform regulation of a federal association. FS & L is not a federally chartered association. However, it was federally insured and as a result subject to the same laws governing federal associations. This court, following the lead of the Seventh Circuit, finds that the federal interest in uniform regulation of savings and loan associations supports recognition of a federal common law cause of action for breach of fiduciary duty. The court further finds that HOLA's remedial scheme does not provide the kind of remedy requested by the plaintiff. Indeed, the claim for breach of fiduciary duty is separate and distinct from the claim arising out of the violation of HOLA. Therefore dismissal of Count I, the private cause of action under HOLA, does not preclude recognition of or reliance on the common law remedy.

## COUNT VII: NO CONTRACT ALLEGED

The complaint does not allege the existence of a contract. Plaintiff cites *Higa v. Mirikitani,* 55 Haw. 167, 517 P.2d 1 (1973), for the proposition that a consensual relationship is sufficient to establish a contract. However, the Hawaii Supreme

Court in *Higa* held that in an attorney malpractice case, the contract statute of limitation applies. It did not establish that any consensual relation establishes a contract relationship for any purpose. Therefore, Count VII is dismissed on grounds that no contract was alleged.

## FHB HAS NO STANDING TO BRING THIS ACTION

■ In order to have standing to bring this action, FHB must have a personal stake in the outcome of the controversy. That personal stake must be a "distinct and palpable injury", *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975) and there must be a "fairly traceable" causal connection between the claimed injury and the challenged conduct. *See Duke Power Co. v. Carolina Env. Study Group,* 438 U.S. 59, 72, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978).

Defendants assert that the plaintiff does not have standing in that (1) FHB is asserting the claims of the corporation, not the individual shareholders, and therefore the requirements of Fed.Rules of Civil Procedure 23.1, Derivative Actions by Shareholders, must be met, and (2) that the plaintiff was not a shareholder at the time of the breach, but rather a pledgee of the stock.

■ The general rule is that shareholders cannot bring an action against the directors and officers of the corporation for mismanagement unless the shareholders are asserting a cause of action distinct from that of the corporation based on a duty owed to them as individuals. The directors and officers of the corporation are fiduciaries of the corporation and its shareholders, at least in a limited sense. 3 Fletcher, *Cyclopedia of the Law of Private Corporations,* §§ 838, 848 (Perm. ed. 1975). Therefore the individual shareholders do have an individual action distinct from the claims asserted by the FSLIC based on a breach of that duty. That being the case, the requirements of Fed.Rules of Civil Procedure 23.1 need not be met.

■ A stockholder generally cannot sue as an individual for loss due to depreciation of stock; only if the injury is peculiar to the shareholder alone can he sue as an individual. *See id.* § 5913. In the present case, FHB asks for damages resulting from, among other things, the breach of fiduciary duty. This is not necessarily limited to the diminution in the value of stock. Also, in *Harmsen v. Smith,* 542 F.2d 496 (9th Cir. 1976), the court allowed a direct action by the shareholders even if the damages claimed were the diminution in the value of their shares. The court noted that difficulty of proof provided no reason for dismissing the complaint.

Furthermore, the alleged misconduct of the defendants occurred after FHB entered into the loan with the shareholders. Therefore, FHB was the pledgee of ninety percent of the shares of FS & L at the time of the breach. The court concludes that the plaintiff has standing to bring this action.

Accordingly, defendants' Motion to Dismiss is GRANTED as to Counts I, II, IV and VII and DENIED as to the remaining counts.

SO ORDERED.