**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, Eureka Federal Savings and Loan Association, a federal association, Eureka Mortgage Investments, Inc., a corporation, and Eureka Financial Corporation, a corporation, Plaintiffs,**

**v.**

**Kenneth L. KIDWELL, Robert N. Harris, Allan R. Jamieson, Donald B. Keuper and Walter Gilliam, Jr., Defendants.**

**No. C–86–1245 WHO.**

United States District Court, N.D. California.

July 10, 1989.

Bartlett A. Jackson, Debra S. Belaga, and Jane B. Wishner, Jackson, Tufts, Cole & Black, San Francisco, Cal., and Mark Gabrellian, Office of the Gen. Counsel, Federal Home Loan Bank Bd., Washington, D.C., for plaintiffs.

Joseph L. Alioto, Lawrence Alioto, and Alioto & Alioto, San Francisco, Cal., for Kenneth Kidwell.

Thomas J. O'Dowd, Campbell, Cal. and Paul H. Dawes, Janis L. Harwell, and John

R. Foote, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for Robert N. Harris.

Lauren R. Poplack, Hallinan & Poplack, San Francisco, Cal., for Allan R. Jamieson.

Kenneth P. Gray, San Francisco, Cal., for Donald B. Keuper.

Geoffrey Becker, Becker & Becker, Millbrae, Cal., for Walter Gilliam, Jr.

## OPINION AND ORDER

ORRICK, District Judge.

In this case, plaintiffs Federal Savings and Loan Insurance Corporation and Eureka Federal Savings and Loan Association have alleged causes of action against defendants for breach of fiduciary duty, negligence and waste. In a prior Opinion and Order, the Court stated that the causes of action alleging breach of fiduciary duty arose under federal common law, while the causes of action for negligence and waste arose under state law. *Eureka Federal Savings & Loan Ass'n v. Kidwell*, 672 F.Supp. 436, 441 (N.D.Cal.1987) (hereinafter cited as *"Kidwell"*). Defendants now assert that the state law claims are preempted by federal law, an issue not squarely before the Court at the time of the earlier Opinion and Order. For the reasons that follow, the Court dismisses the state law claims as preempted by federal law and as not cognizable under federal common law. Furthermore, the Court holds that a four-year statute of limitations applies to the causes of action for breach of fiduciary duty.

## I. PREEMPTION AND FEDERAL COMMON LAW.

As this Court has recognized, unique federal interests are implicated in the internal administration of federal savings and loans associations. *Id.* at 441. Numerous other courts have found that this unique interest mandates that federal regulations preempt state law in the area of savings and loan administration. *City Federal Savings & Loan Ass'n v. Crowley*, 393 F.Supp. 644, 655 (E.D.Wis.1975) (hereinafter cited as "Crowley"), and cases cited therein.

■ In May, 1983, the Federal Home Loan Bank Board ("FHLBB") issued 12 C.F.R. § 545.2, which provides that the Board's regulations "are promulgated pursuant to the plenary and exclusive authority of the Board to regulate all aspects of the operation of Federal associations ... This exercise of the Board's authority is preemptive of any state law purporting to address the subject of the operations of Federal associations."

The Supreme Court stated, in a case decided before the promulgation of § 545.2 in May 1983, that, "A pre-emptive regulation's force does not depend on express congressional authorization to displace state law...." *Fidelity Federal Savings & Loan Ass'n v. De La Cuesta*, 458 U.S. 141, 154, 102 S.Ct. 3014, 3023, 73 L.Ed.2d 664 (1982). "Congress plainly envisioned that federal savings and loans would be governed by what the Board—not any particular State—deemed to be the 'best practices.'" *Id.* at 161, 102 S.Ct. at 3025. "Thus, the statutory language suggests that Congress expressly contemplated, and approved, the Board's promulgation of regulations superseding state law." *Id.* at 162, 102 S.Ct. at 3027.

Given the import of these statements from the Supreme Court, and § 545.2, it is clear that any state law "purporting to address the subject of the operations" of a federal association is preempted by the FHLBB's regulations. These regulations deal extensively with the lending practices of federal associations. *See* 12 C.F.R. §§ 545.31–53. The lending practices of defendants are at issue in this lawsuit.

■ The question for decision, then, is whether the state laws of negligence and waste "purport to address the subject of the operations" of a savings and loan. In other words, preemption hinges on whether the substantive laws of negligence and waste constitute regulation of the operations of an association, specifically regulation of the lending practices at issue here.

In a very recent decision, the Eighth Circuit held that the FHLBB's regulations did not preempt a state common law cause

of action for tortious interference. *Flanagan v. Germania,* 872 F.2d 231 (8th Cir. 1989). However, the court based this determination on the fact that the collection practices of the bank, rather than the lending practices, were at issue. The implication from this reasoning is that the extensive regulation governing lending would preempt such a state common law cause of action.

Similar reasoning was present in *United Services Automobile Ass'n v. Foster,* 680 F.Supp. 712, 717 (M.D.Pa.1987), *aff'd in part and rev'd in part, Ford Motor Co. v. Insurance Commissioner of Pennsylvania,* 874 F.2d 926 (3d Cir.1989), another case decided after the promulgation of § 545.2. That case stated that "the federal regulations do occupy the entire field of regulation of the *operation* of federal savings banks." *See also Wisconsin League of Financial Institutions, Ltd. v. Galecki,* 707 F.Supp. 401 (W.D.Wis.1989), holding state regulations of escrow accounts and loan disclosures preempted.

On their face, the state laws of negligence and waste do not purport to regulate the lending practices of a savings and loan. In the context of this case, however, where negligence and waste are alleged regarding the lending practices of defendants, these state causes of action constitute *de facto* regulation because they can directly affect the conduct of bank operations. This is so because negligence and waste, like any substantive laws, are meant to encourage certain conduct and deter other conduct.

"The unique federal interest in uniform administration of federal savings and loans," *Kidwell,* 672 F.Supp. at 441, also reveals that these state laws constitute regulation of association operations. This is apparent because the varying state laws of negligence and waste would permit or forbid different conduct in different states. This variance is at odds with Congress's goal of "uniform treatment of federal savings and loan associations." *Id.* at 439.

▪ Accordingly, the Court finds that state law causes of action for negligence and waste are preempted by federal law. The remaining question is whether these causes of action should be recognized as arising under federal common law.

In general, federal common law should be recognized sparingly when Congress has created an integrated scheme of regulation and remedies. *First Hawaiian Bank v. Alexander,* 558 F.Supp. 1128, 1132 (D.Haw.1983). However, federal common law may be recognized to afford aggrieved parties reasonable alternative relief that the statutory scheme does not provide. *Id.* The federal interest in uniform regulation of savings and loan associations supports recognition of a federal common law cause of action for breach of fiduciary duty, but not for negligence. *Id.* at 1131–32.

Plaintiffs seek to distinguish *First Hawaiian* on the grounds that the bank at issue there had a state rather than a federal charter. This contention is flawed, however, because the *First Hawaiian* court stated explicitly that the bank "was federally insured and as a result subject to the same laws governing federal associations." *Id.* at 1132.

Moreover, the federal common law causes of action for breach of fiduciary duty afford the aggrieved parties here reasonable alternative relief. The Supreme Court's classic formulation of a fiduciary's duty of care provides for that degree of care "which ordinarily prudent and diligent men would exercise under similar circumstances." *Briggs v. Spaulding,* 141 U.S. 132, 152, 11 S.Ct. 924, 931, 35 L.Ed. 662 (1891). The California duty of care is consistent with this reasonableness standard. Cal.Corp.Code § 309(a).

The causes of action for negligence involve this same standard of reasonableness. Witkin, 6 Summary of California Law § 729–30 at 56–58, § 750 at 87–88 (1988). Likewise, the causes of action for waste entail reasonableness. *Cohen v. Ayers,* 596 F.2d 733, 739 (7th Cir.1979). Furthermore, the same conduct underlies all the claims. As such, the causes of action for breach of fiduciary duty subsume both negligence and waste. *See Crowley,* 393 F.Supp. at 654, (waste subsumed under breach of fiduciary duty). In light of the similarity of these standards of liability,

and the restraint imposed on the creation of federal common law, the Court finds that the breach of fiduciary duty claims afford plaintiffs a reasonable avenue of relief.

Accordingly, the Court declines to recognize a federal common law of negligence or waste, and the causes of action alleging these claims are dismissed.

## II. STATUTE OF LIMITATIONS.

■ Defendants contend that the two-year limitation period of § 339(1) of the California Code of Civil Procedure applies to the federal common law claims for breach of fiduciary duty. They rely for this proposition on *Vucinich v. Paine Webber, Jackson & Curtis, Inc.*, 739 F.2d 1434, 1436 (9th Cir.1984) and *Southern Counties Thrift Co. v. Rairdon*, 47 Cal.App.2d 770, 118 P.2d 828 (1941).

Plaintiffs, on the other hand, contend that the four-year limitation period of § 343 of the California Code of Civil Procedure applies to these claims. They rely on *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1520 (9th Cir.1985).

The Court has determined that the four-year limitation period mandated by *Davis & Cox* applies to this case because it is the more recent precedent and, more significantly, the more factually analogous precedent. As in the instant case, *Davis & Cox* involved causes of action based on breach of fiduciary duty, including conduct constituting waste and mismanagement. It is also "better reasoned" than *Vucinich. David K. Lindemuth Co. v. Shannon Financial Corp.*, 660 F.Supp. 261, 265 (N.D. Cal.1987). In addition, the Court is bound by Ninth Circuit precedent and declines to follow *Southern Counties*, a decision of an intermediate level appellate court of the State of California.

Because the parties agree that all the loans at issue were made in 1983 and 1984, and the complaint was filed in 1986, none of the loans is time-barred.

## III. CONCLUSION.

The foregoing discussion relates to the two motions for summary judgment (num-

bers three and four, *infra*) taken under submission by the Court at the hearing on June 20, 1989. At that hearing, the Court also ruled on eight other motions for summary judgment and one countermotion for sanctions. The following order summarizes the rulings on all these motions. Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for summary judgment to strike affirmative defenses is granted.

2. Plaintiffs' motion for summary judgment regarding defenses and claims based upon conduct of FSLIC is granted.

3. Defendants' motion for summary judgment on state law claims is granted.

4. Defendants' motion for summary judgment regarding the statute of limitations is denied.

5. Defendants' motion for summary judgment regarding United Resorts timeshare transactions is denied.

6. Jamieson's motion for summary judgment on the Lakeville Lodge and Sheraton Key Largo transactions is denied.

7. Jamieson's motion for summary judgment regarding the Anderson loans is denied.

8. Harris's motion for summary judgment on the fifth cause of action of the complaint is denied.

9. Keuper's motion for summary judgment is denied. Plaintiffs' countermotion for sanctions is granted. Plaintiffs' counsel shall submit declarations detailing the time spent and expenses in opposing Keuper's motion.

10. Gilliam's motion for summary judgment is denied.